UNITED STATES of America,

v.

**Jose Luis DAMBLU, Defendant.**

**No. 94 CR. 644 (HB).**

United States District Court,
S.D. New York.

Nov. 18, 1996.

Mary Jo White, United States Attorney for the Southern District of New York, Nancy

Kestenbaum, of counsel, New York City, for the United States.

David Wikstrom, New York City, for Defendant.

### DECISION AND ORDER

BAER, District Judge:

Defendant Jose Louis Damblu has moved for a new trial pursuant to Fed.R.Crim.P. 33. For the reasons that follow, the motion is DENIED.

#### Background

Defendant was charged with conspiring to distribute crack cocaine in violation of 21 U.S.C. § 846 and possessing crack cocaine with the intent to distribute in violation of 21 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(A) and 18 U.S.C. § 2. On November 17, 1994, Damblu was found guilty of both counts of the indictment by a jury. Subsequently, the Court sentenced him to two concurrent terms of imprisonment of 235 months to be followed by five years of supervised release.

At trial, the government produced evidence that Damblu was introduced to a detective of the Westchester Drug Enforcement Task Force, Arturo Claudio, by a confidential informant named Rosa Miladys Castillo. The defendant and Claudio negotiated the sale of two kilograms of crack cocaine on July 12, 1994. The transaction occurred on July 15, after which the defendant was arrested. Damblu's sole defense at trial was that he was entrapped by Castillo and at trial, he called her as a witness.

Castillo was cooperating with the Government in order to obtain a § 5K1.1 letter for an unidentified incarcerated individual. Prior to trial, defendant moved for an order requiring the Government to disclose the identity of the third party beneficiary, the charges against him, the nature of his relationship with Castillo, the nature and extent of their contacts and, following in camera review, notes of any interviews by government agents with the third party beneficiary. The Court granted the application in part and denied it in part. The Government was ordered to disclose only the general nature of the relationship between Castillo and the third party beneficiary, the general nature of

the charges he faced and the extent of their contacts and to produce interview notes for the Court's review.

Castillo testified that her common-law husband was named Angel Perales and that the third party beneficiary was a close friend. On this motion, Damblu argues that newly discovered evidence demonstrates that this testimony was false. He contends that Castillo's husband was named Seferino De Las Nueces and that the third party beneficiary was his brother, Roque De Las Neuces. According to Damblu, Castillo testified falsely regarding the identity of her husband and her relationship with the beneficiary of her cooperation efforts in order to protect Seferino, who was a fugitive from a narcotics charge.

## Discussion

■ Motions for a new trial pursuant to Rule 33 are disfavored and granted only with great caution. *United States v. Wong*, 78 F.3d 73, 79 (2d Cir.1996); *United States v. Sasso*, 59 F.3d 341, 350 (2d Cir.1995). "Such relief should be granted only if the evidence is material to the verdict, could not with due diligence have been discovered before or during trial, and is not cumulative." *Id.* The defendant bears the burden of showing that a new trial is required. *Id.*

■ Where the motion alleges new evidence of perjury, the threshold inquiry is whether the evidence demonstrates that the witness committed perjury. *Id.* If this requirement is satisfied, "the grant of a new trial depends on 'the materiality of the perjury to the jury's verdict and the extent to which the prosecution was aware of the perjury.'" *Wong*, 78 F.3d at 81 (quoting *United States v. Wallach*, 935 F.2d 445, 456 (2d Cir.1991), *cert. denied*, 508 U.S. 939, 113 S.Ct. 2414, 124 L.Ed.2d 637 (1993)). If the prosecution knew or should have known of the perjury, a new trial should be granted if "'there is any reasonable likelihood that the false testimony could have affected the judgment of the jury.'" *Id.* (quoting *Wallach*, 935 F.2d at 456); *see also United States v. Gambino*, 59 F.3d 353, 364 (2d Cir.1995) (holding that this standard applies where "the prosecution knowingly makes use of perjured testimony"), *cert. denied*, —— U.S.

——, 116 S.Ct. 1671, 134 L.Ed.2d 776 (1996). On the other hand, where the prosecution was unaware of the perjury, a new trial is required only where "'the court [is left] with a firm belief that but for the perjured testimony, the defendant would most likely not have been convicted.'" *Wong*, 78 F.3d at 81 (quoting *Wallach*, 935 F.2d at 456).; *see also Sasso*, 59 F.3d at 350.

■ "Evidence of impeachment is material if the witness whose testimony is attacked 'supplied the only evidence linking the defendant(s) to the crime,' or 'where the likely impact on the witness's credibility would have undermined a critical element of the prosecution's case.'" *Wong*, 78 F.3d at 79 (citations omitted). New impeachment evidence is not material, though, where it would only be an additional basis on which to attack the credibility of a witness whose credibility had already been shown to be questionable. *Id.; see also Gambino*, 59 F.3d at 366 ("Nondisclosure of cumulative evidence tending only to further impeach a witness' general credibility is not grounds for granting a Rule 33 motion.").

Although the Government states that it has investigated the allegations of perjury and found that they lack merit, for purposes of this motion, the Government has assumed that Castillo did in fact commit perjury. The Government argues, however, that such evidence constitutes additional impeachment evidence and therefore is not material. I agree.

■ I find that the Government should not be charged with knowingly making use of perjured testimony in this case. Damblu called Castillo and elicited the testimony that he now claims was perjurious, not the Government. *Cf. Wong*, 78 F.3d at 81–82 (listing fact that false testimony was elicited by defendant rather than the prosecution as among circumstances that may support a finding that the prosecution should not be charged with knowledge of the perjury). Therefore, I will apply the stricter standard of materiality.

Here, the alleged new evidence of perjury would be additional impeachment evidence.

At trial, Damblu's attorney attempted to impeach Castillo's credibility. His probing examination into several different areas created significant questions as to Castillo's credibility. Her credibility was sufficiently called into question that any further impeachment would have been cumulative.

Unlike in *Wallach,* 935 F.2d 445, and *United States v. Seijo,* 514 F.2d 1357 (2d Cir. 1975), upon which defendant principally relies, Castillo's testimony was not crucial to the Government's case. The prosecution's evidence consisted primarily of Detective Claudio's testimony. Castillo was not called in the Government's case-in-chief, and would have been called on rebuttal only if the defendant had not called her. Damblu argues that Castillo was central to the Government's case because she was the only other witness to the alleged entrapment. Therefore, her credibility was a key issue. This argument does not justify a new trial, however, because the new evidence is merely additional impeachment material and Castillo's credibility was sufficiently challenged at the first trial.

After reviewing the alleged new evidence of perjury, I do not have "a firm belief that but for the perjured testimony, the defendant would most likely not have been convicted." *Wong,* 78 F.3d at 81. Further, even if the Government could be charged with knowledge of the perjury and therefore the lower standard of materiality applied, my result would be the same. Since independent evidence supports the conviction and Castillo's credibility was attacked during trial, I conclude that there is not a reasonable likelihood that the allegedly false testimony affected the jury's verdict. *See id.* at 82.

Conclusion

As stated above, I find that the new evidence is not material. Accordingly, defendant's motion is DENIED.

SO ORDERED.